IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.                                           **CRIMINAL ACTION NO. 5:23-CR-60**
                                                  Judge Bailey

**CARL DENNIS COLVIN**,

      Defendant.

## ORDER

Pending before this Court is defendant's Motion to Suppress Evidence and Statements [Doc. 21], filed March 15, 2024. On March 26, 2024, Magistrate Judge James P. Mazzone held a hearing on the Motion. After the hearing, Magistrate Judge Mazzone entered a Report and Recommendation [Doc. 27] on May 3, 2024. Therein, Magistrate Judge Mazzone concluded that defendant failed to establish a basis for his Motion and recommends that the Motion be denied.

On June 11, 2024, defendant filed his Objection to the Report and Recommendation that the Motion to Suppress Evidence be Denied [Doc. 32]. Accordingly, this matter is now ripe for adjudication. For the reasons contained herein, the Objections will be overruled, this Court will adopt the Report and Recommendation and grant the Motion to Suppress Evidence.

I.  **Factual and Procedural History**[1]

Defendant is named in a one-count indictment returned in this Court on October 3, 2023, alleging possession of child pornography in violation of Title 18, United States Code, Sections 2252A(1)(5)(B) and 2252A(b)(2). See [Doc. 1]. The indictment arises out of an incident on July 6, 2022, which resulted in a police encounter. On that date, defendant and his son, who shared a residence located at 2357 Overbrook Avenue, Apartment 4, Wheeling, WV, got into an argument with each other. The argument spilled out into public, and a concerned neighbor phoned police. Police responded to the scene of the argument in the area of Lumber Avenue in Wheeling, West Virginia. Officers spoke with both the defendant and his son, Sean Colvin. Sean Colvin reported that child pornography was contained in defendant's cell phone. Officers obtained a search warrant for defendant's phone. A subsequent search of defendant's cell phone revealed child pornography was contained on the phone.

On March 15, 2024, defendant filed a motion to suppress evidence arguing that the seizure and subsequent search of his cell phone by Wheeling Police officers was a violation of the Fourth Amendment. See [Doc. 21]. Defendant argues that (1) the initial seizure of the cell phone was not supported by probable cause; (2) the first search warrant for the cell phone lacked probable cause; and (3) the affidavit contained material omissions that, if included, would have negated the probable cause finding by the Ohio County Magistrate. See [id.].

---

[1] This Court fully adopts and incorporates herein Magistrate Judge Mazzone's summarization of the testimony of Officer William Castilow [Doc. 27 at 2–5], Officer Cook's Body Camera Video(s) [id. at 5–8] and the 911 Call [id. at 8].

2

On March 22, 2024, the Government filed a Response arguing that (1) the initial seizure of the cell phone by Sean Colvin did not violate the Fourth Amendment; (2) probable cause supported the first search warrant; and (3) defendant has not met his burden for a **Franks** hearing. See [Doc. 24].

After considering the briefs of the parties, the applicable law, and the Court record, the R&R first concluded that probable cause existed to believe that evidence of a crime, i.e., possession of child pornography, would be found on the phone in question. The R&R concluded that since there was probable cause to search defendant's cell phone, the Mirandized statement that he provided to Detective Castilow should not be suppressed.

## LEGAL STANDARD

The burden of proof for a Motion to Suppress is on the party seeking to suppress the evidence. **United States v. Gualtero**, 62 F.Supp.3d 479, 482 (E.D. Va. 2014) (Lee, J.) ("[t]he legal standards governing a motion to suppress are clear . . . [t]he burden of proof is on the party who seeks to suppress the evidence") (citing **United States v. Dickerson**, 655 F.2d 559, 561 (4th Cir. 1981)). Once the defendant establishes a basis for his or her Motion, the burden shifts to the Government to prove by a preponderance of the evidence that the challenged evidence is admissible. **Gualtero**, 62 F.Supp.3d at 482 (citing **United States v. Matlock**, 415 U.S. 164, 177 n.14 (1974) ("the controlling burden of proof at suppression hearings should impose no great burden than proof by a preponderance of the evidence")).

## **DISCUSSION**

Defendant advances three (3) objections to the R&R. This Court will address each objection in turn.

Defendant first argues that the R&R's conclusion that "when the officers first responded to the scene, they learned certain facts about the circumstances surrounding the argument between [defendant's] adult son, Sean, and [defendant]" is incorrect. *See* [Doc. 32 at 2–4]. The portion of the R&R defendant takes issue with is as follows:

> When officers seized Defendant's cell phone, they knew that Defendant's son, Sean, told Officer Cook that Defendant had child pornography on his cell phone. Sean made this statement to Officer Cook in person at the scene. They also knew that Sean and Defendant had been arguing, that Sean and Defendant lived together, and Sean paid for the phone even though the phone belonged to Carl. Officers also knew that Sean had been convicted of a sex offense. Sean's in-person statements about his own father, coupled with his acknowledgment that they were fighting and his explanation as to why, i.e., essentially that his father should not complain about Sean's friends when his father has child pornography on his cell phone, provided officers with a reasonable belief that they would find child pornography on Defendant's cell phone.

[Doc. 27 at 11].

Defendant takes issue with Magistrate Judge Mazzone's use of the word "knew." Magistrate Judge Mazzone's use of the word "knew" is inconsequential to the R&R's holding. In this specific portion of the R&R, Magistrate Judge Mazzone is providing

4

information that the officers were familiar with, were informed of, had knowledge of, or a plethora of any synonym for "knew." This Court disagrees that the R&R listing all of the facts that the officers "knew" is a misstatement and incorrect.

Next, defendant asserts that the R&R's conclusion that "there is no requirement that police officer rule out all possibility that a complaining witness has fabricated an elaborate story in order to have officers take action. **United States v. Queen**, 732 F.Supp. 1342, 1360 (W.D.N.C. 1990)" is misplaced.

While this Court agrees with defendant that published opinions from the Western District of North Carolina are not binding on this Court, opinions from any District within the Fourth Circuit are persuasive. This Court agrees with Magistrate Judge Mazzone that Sean Colvin's in-person statements to the officers were sufficient to demonstrate the probability that evidence of the crime of possession of child pornography would be found on defendant's phone. There is not a requirement that police officers attempt to prove by independent evidence that a complaining witness's story is accurate beyond all doubt. **Queen**, 732 F.Supp. at 1360; see also **Ilinois v. Gates**, 462 U.S. 213 (1983) "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.")).

This Court also agrees that additional investigation or corroboration of Sean Colvin's credibility was not necessary. See **Queen**, 732 F.Supp. at 1359 ("As a citizen reporting a crime she had personally witnessed within the recent past, her reliability need not be established by prior experience in providing information to the police." (citing **United States v. Edwards,** 798 F.2d 686, 689 (4th Cir. 1986))). Defendant hints that because Sean

5

Colvin is a registered sex offender, he should be unable to report a crime or give a statement to officers. This Court refuses to make a finding that would negate, or simply mute, all persons who have a criminal past to report a crime.

Moreover, defendant argues that the officers did nothing whatsoever to corroborate any part of Sean Colvin's statements. The officers by obtaining a search warrant for the cell phone were working at just that—corroborating Sean Colvin's statements that child pornography was on defendant's cell phone.

Third, defendant argues that the one sentence[2] in the affidavit that speaks to probable cause is "simply not enough information to establish probable cause." Defendant argues this is "beyond a bare bones affidavit" and the "officers in this case could not have reasonably relied on this single statement in the affidavit." Defendant also asserts that the "good faith exception" does not salvage the defective warrant.

This Court agrees with Magistrate Judge Mazzone that the affidavit is not bare bones. The affidavit[3] provides the facts and circumstances which led Officers Donzella

---

[2] The one sentence at issue is as follows: "Sean told Ofc. Donzella he located child pornography within Carl's cell phone which is described as a red Iphone with a white screen."

[3] The affidavit in support of the search warrant sets forth the following information: On 07-06-2022, at approximately 0852 hours, I (Castilow) was contacted by Ofc. Donzella who stated she and Ofc. Cook were dispatched to the area of Lumber Avenue, Wheeling, Ohio County WV 26003 in regard to a verbal domestic between Sean Lee Colvin and his father Carl Dennis Colvin. Ofc. Donzella stated Sean and his father were arguing over Sean's friends and Sean took his father's phone then began to look through. Sean told Ofc. Donzella he located child pornography within Carl's cell phone which is described as a red Iphone with a white screen. Ofc. Cook advised Sean had returned the cell phone to Carl who was still on scene. I instructed Ofc. Cook to take custody of the phone in order to prevent any destruction of evidence on the phone.

and Cook to the scene of defendant's argument with his son, the reason for their argument, the son's allegation that he saw child pornography on defendant's phone, and describes the phone in question.

Even if the search warrant was deficient–which, it is not–the good faith exception to the exclusionary rule applies. The Supreme Court of the United States has instructed that a court should not suppress "the fruits of a search conducted under authority of a warrant, even a 'subsequently invalidated' warrant, unless ' a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" **United States v. Williams**, 548 F.3d 311, 317 (4th Cir. 2008) (quoting **United States v. Leon**, 468 U.S. 897, 992 n.23 (1984)).

In **United States v. Wellman**, the Fourth Circuit informed that the good faith exception applies:

> except in four limited situations: (1) when the affiant based his application on knowing or reckless falsity; (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police; (3) when the affidavit supporting the warrant was so lacking indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

663 F.3d 224, 228–29 (4th Cir. 2011). None of these articulated situations apply to this case.

Lastly, defendant asserts that the "R&R takes great pains to disregard the facts that were omitted from the affidavit presented to the issuing magistrate. The R&R gives these important facts short shrift and concludes that they were not relevant. Hence, when Detective Castilow did not include these important facts in the affidavit, there was no material omission such that probable cause would be defeated. The R&R further concludes that there was probable cause present irrespective of the officers' glaring material omissions from the affidavit." More specifically, defendant states:

> Officers Donzella and Cook knew that the complaining witness was a registered sex offender for an offense involving a minor victim. Mr. Colvin's offense was allegedly possessing images of child pornography with minor victims. These officers knew that Sean Colvin admitted that the cell phone was in his name. Sean Colvin claimed that the cell phone was Mr. Colvin's not his. Sean Colvin told these officers that he was furious at his father and that "he couldn't take it anymore!"

[Doc. 32 at 6].

Defendant argues that "had the issuing magistrate been told of these material facts, it would have cast significant doubt on whether there was probable cause to search the cell phone."

This Court disagrees that these omissions negate probable cause. As noted by Magistrate Judge Mazzone: "Sean's status as a sex offender falls in Sean's favor here: Sean took a risk by telling officers about the child pornography on the cell phone. He arguably had more to lose than his father if officers believed the child pornography belonged to him, and he did not have to tell officers about the child pornography on the cell

phone. Officers were responding to a domestic incident between a father and a son, and not a report of child pornography, so Sean did not have a self-preserving motive to immediately report the child pornography to Officer Cook upon Officer Cook's first contact with Sean. In other words, when Sean Colvin showed Officer Cook the cell phone and told him that he had found child pornography on his father's cell phone, the situation was not one where Sean immediately had to deflect responsibility for what was on the cell phone. Without Sean's statement, it is likely that officers would never have known about the child pornography." This Court agrees with Magistrate Judge Mazzone that probable cause existed to seize and search defendant's cell phone.

## CONCLUSION

Accordingly, the R&R [**Doc. 27**] is **ADOPTED** and defendant's objections [**Doc. 32**] are **OVERRULED**. Defendant's Motion to Suppress Evidence and Statements [**Doc. 21**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

DATED: June **18**, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE